IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
      PELVIC REPAIR SYSTEM                                     MDL NO. 2327
      PRODUCTS LIABILITY LITIGATION

---

THIS DOCUMENT RELATES TO:

*Hendrix, et al. v. Ethicon, Inc., et al.*                 Civil Action No. 2:12-cv-00595

## ORDER

(Re: Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev)

Pending before the court is Defendants' Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev [ECF No. 48]. The plaintiffs have responded [ECF No. 63], and the defendants have replied [ECF No. 66]. For the following reasons, the defendants' motion is **DENIED.**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 75,000 cases currently pending, approximately 30,000 of which are in the Ethicon MDL, MDL 2327. As a part of this MDL, I ordered the plaintiffs and defendants to select 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson or allege claims only against the Ethicon defendants' products. Once selected, those cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded or transferred to the appropriate court. The instant case was selected as an Ethicon Wave 1 case that is

governed by discovery deadlines set forth in Pretrial Order ("PTO") # 217.[1] Pursuant to PTO # 217, the plaintiffs' expert disclosure was due by February 1, 2016. PTO # 217 [ECF No. 60]. Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the plaintiffs were to submit a written report accompanying the expert disclosure. Fed. R. Civ. P. 26(a)(2). On February 1, 2016, the plaintiffs served their expert disclosure in this case designating Dr. Vladimir Iakovlev as a case-specific and general pathology expert. At the time, however, the plaintiffs did not serve an expert report regarding the case-specific pathology opinions of Dr. Iakovlev ("case-specific report"). The parties agreed to extend the deadline for submitting the case-specific report to February 15, 2016. On March 15, 2016, without seeking leave of the court or a further extension from the defendants, the plaintiffs submitted to the defendants a "supplemental" written report regarding Dr. Iakovlev's case-specific report.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party fails to comply with the disclosure requirements of Rule 26(a), the party will not be able to use that witness or information to supply evidence unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In *Hoyle v. Freightliner, LLC*, the Fourth Circuit outlined five factors to consider whether a failure to fully comply with Rule 26(a) is substantially justified or harmless:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

---

[1] PTO # 217 amends PTO # 205, which first set scheduling deadlines for "Wave 1" cases in the Ethicon MDL.

*Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011).

The defendants move to exclude the case-specific report of Dr. Iakovlev on the grounds that, despite an extension, the plaintiffs failed to submit her report in a timely fashion. The defendants argue that the plaintiffs needed to show "excusable neglect" in order to file Dr. Iakovlev's case-specific report after the stipulated deadline. The defendants also argue that each of the *Hoyle* factors point towards excluding the plaintiffs' case-specific report.

In response, the plaintiffs argue that the *Hoyle* factors direct a finding that the failure to provide the report was harmless. The plaintiffs argue that: (1) the case-specific report is key to her ability to establish a connection between a defect in the mesh and her injuries; (2) Dr. Iakovlev is well known to the defendants and has been a primary pathology expert for plaintiffs' counsel in "Wave 1 cases"; and (3) defendants will neither be surprised nor unfairly prejudiced by Dr. Iakovlev. The plaintiffs then assert numerous other excuses for why her case-specific report has not been submitted to the defendants, including issues with Dr. Iakovlev and Steelgate, Inc., which is a third party repository vendor of mesh material that has been holding pathology materials for certain parties in the Ethicon MDL. Finally, the plaintiffs argue that the report to be submitted is merely "supplemental" and thus permissible to be submitted after the deadline.

In reply, the defendants argue that the case-specific report the plaintiffs submitted is *not* a supplement. Further, the defendants argue that this situation was caused by the mere fact that plaintiffs' counsel assigned 40 case-specific pathology

reports to Dr. Iakovlev without determining whether he alone would be able to develop his reports and submit them to the defendants within the court-ordered deadlines.

I am concerned by the plaintiffs' action in submitting these late reports without moving the court for leave to do so or an extension on the deadline for submission. However, because these plaintiffs were able to submit the case-specific expert pathology report before the close of discovery for Wave 1 cases pursuant to PTO # 217, I find that the *Hoyle* factors lean towards not excluding the expert pathology report.

Accordingly, the Defendants' Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev [ECF No. 48] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 21, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4